UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ARDEN WENDELL PAWNEELEGGINS,<br><br>Plaintiff,<br><br>vs.<br><br>KIM, Hiring Manager at Qdoba Mexican Grill, in her individual and official capacity,<br><br>Defendant. | 4:22-CV-04120-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Arden Wendell Pawneeleggins, an inmate at the South Dakota State Penitentiary at the time he initiated this lawsuit, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Pawneeleggins moves for leave to proceed in forma pauperis and included a prisoner trust account report. Dockets 2, 3. Pawneeleggins also moves for the appointment of counsel. Docket 5.

I.  **Motion for Leave to Proceed in Forma Pauperis**

Pawneeleggins reports average monthly deposits of $7.35 and an average monthly balance of $5.39. Docket 3 at 1. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481,

1

483 (8th Cir. 1997) (per curiam) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Pawneeleggins's prisoner trust account, the court grants Pawneeleggins leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Pawneeleggins must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Pawneeleggins's former institution. Pawneeleggins remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background

The facts alleged in Pawneeleggins's complaint are: that he was denied employment at a Qdoba Mexican Grill in Sioux Falls, South Dakota, because of racial discrimination. *See* Docket 1 at 4-5. Pawneeleggins claims that he had an interview with Kim, the hiring manager, on February 9, 2021. *Id.* at 4. He claims that he used to work at a Qdoba in Sioux Falls and that he has experience cooking. *Id.* Pawneeleggins alleges that Kim told him he would not be hired because he and his girlfriend "were throwing stuff around in [the] store" the week before. *Id.* He alleges that he told Kim that this could not have been him because he was locked down at the St. Francis House the previous week. *Id.* He alleges that Kim was "racially profiling [him] because [he is] half black." *Id.* He also alleges that Kim told him to leave the store and that he was not getting interviewed. *Id.*

Pawneeleggins claims that Kim discriminated against him, engaged in racial profiling, and retaliated against him. *Id.* at 4-5. He claims that he can't pay his bills or work and that his mental health has suffered as a result of this incident. *Id.* at 4-5. He seeks compensatory damages of $300,000, punitive

damages of $80,000, and $100,000 for his pain and suffering and mental anguish. *Id.* at 7. He also asks for Kim's position at Qdoba. *Id.*

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a

4

"complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C.   Legal Analysis

#### 1.   42 U.S.C. § 1983 Claims

Pawneeleggins brings claims against Kim under 42 U.S.C. § 1983, alleging violations of his civil rights. Docket 1 at 1, 4-5. "[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) *acted under color of state law*, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (emphasis added) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Kim is not a public official, and Qdoba Mexican Grill is a private entity. *See* Docket 1 at 4-5.

> The [United States] Supreme Court has recognized a number of circumstances in which a private party may be characterized as a state actor, such as where the state has delegated to a private party a power traditionally exclusively reserved to the State, where a private actor is a willful participant in joint activity with the State or its agents, and where there is pervasive entwinement between the private entity and the state. These particular circumstances are merely examples and not intended to be exclusive.

*Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (internal quotations and citations omitted).

Here, Pawneeleggins alleges no facts that would support a finding that Kim is a state actor. *See* Docket 1 at 4-5. Thus, Pawneeleggins's § 1983 claims against Kim are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(B)(ii) and 1915A(b)(1).

### 2. 42 U.S.C. § 1981 Claim

Construing his complaint liberally, Pawneeleggins brings a claim under 42 U.S.C. § 1981, a federal statute that "protects 'identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics.' " *Torgerson v. City of Rochester*, 643 F.3d 1031, 1052 (8th Cir. 2011) (en banc) (quoting *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). This court construes Pawneeleggins's claim as being brought against both Kim and Qdoba Mexican Grill.

The Eighth Circuit Court of Appeals has explained that the same analysis applies to "claims of discrimination . . . under Title VII [of the Civil Rights Act of 1964] and 42 U.S.C. § 1981." *Takele v. Mayo Clinic*, 576 F.3d 834, 838 (8th Cir. 2009) (citations omitted). Pawneeleggins must first "establish a prima facie case of discrimination." *Torgerson*, 643 F.3d at 1046 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). A plaintiff establishes a prima facie case by showing that "(1) she is in a protected class; (2) she was qualified for an open position; (3) she was denied that position; and (4) the [employer] filled the position with a person not in the same protected

6

class." *Id.* (alteration in original) (quoting *Dixon v. Pulaski Cnty. Special Sch. Dist.*, 578 F.3d 862, 867-68 (8th Cir. 2009)). Once a prima facie showing of discrimination is made, the burden "shifts to [the defendant] to 'articulate a legitimate, nondiscriminatory reason for not hiring' " the plaintiff. *Id.* (quoting *Dixon*, 578 F.3d at 868). "[T]he ultimate burden [then] falls on [the plaintiff] to produce evidence sufficient to create a genuine issue of material fact regarding whether [the defendant's] proffered nondiscriminatory justifications are mere pretext for intentional discrimination." *Id.* (first and second alterations in original) (quoting *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1007 (8th Cir. 2005)).

Here, Pawneeleggins fails to state a claim for which relief can be granted for employment discrimination under 42 U.S.C. § 1981. He alleges that he is a member of a protected class, that he was qualified for an open position, and that he was denied that position. Docket 1 at 4. But he makes no allegations regarding the person that Qdoba ultimately hired for the open position. *See id.* at 4-5. Thus, he fails to allege that Qdoba "filled the position with a person not in the same protected class" as is required under *Torgerson. See* 643 F.3d at 1046 (citing *Dixon*, 578 F.3d at 867-68). Pawneeleggins's claim under 42 U.S.C. § 1981 is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(B)(ii) and 1915A(b)(1).

### D.   Strike Under 28 U.S.C. § 1915(g)

The court finds that Pawneeleggins's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

7

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Pawneeleggins's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That Pawneeleggins's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That the institution having custody of Pawneeleggins is directed that whenever the amount in Pawneeleggins's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Pawneeleggins's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $402 filing fee is paid.

3. That Pawneeleggins's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That this action constitutes a strike against Pawneeleggins for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

5. That judgment is entered in favor of Kim, Hiring Manager at Qdoba Mexican Grill, and against Pawneeleggins.

6.  That Pawneeleggins's motion for appointment of counsel (Docket 5) is denied as moot.

Dated January 4, 2023.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE